IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM SHANE NICHOLSON,

        Plaintiff,

v.                                          Civil Action No. 1:08-CV-17

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.    Background

Plaintiff, William S. Nicholson, (Claimant), filed his application for award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on April 14, 2009.[1] Commissioner filed his response on April 21, 2009.[2] A hearing was set for May 1, 2009.[3] On that date, the Court was advised that both parties waived oral argument.

B.    The Motion

Claimant's Motion for Attorney Fees under the Equal Access to Justice Act.

C.    Recommendation and Order

I recommend that Claimant's application for award of attorney's fees under the Equal

---

[1] Docket No. 26

[2] Docket No. 28

[3] Docket No. 27

Access to Justice Act be **DENIED**.

## II. Facts

Claimant filed a Complaint on January 7, 2008 seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner.[4] Commissioner filed his Answer on April 8, 2008.[5] Claimant filed his Motion for Summary Judgment on June 3, 2008.[6] Commissioner filed his Motion for Summary Judgment on July 11, 2008.[7] This Court entered a report and recommendation on November 4, 2008, recommending that both Claimant's and Commissioner's motions be denied and the claim be remanded for further administrative proceedings.[8] On February 27, 2009, the Honorable Irene M. Keeley, United States District Judge, entered an order accepting and adopting the report and recommendation in its entirety.[9]

## III. Claimant's Application for Award of Attorney's Fees

A.     Contentions of the Parties

Claimant argues that the ALJ unjustifiably failed to abide by the Commissioner's regulations at 20 C.F.R. 404.1523 and 416.923 and omitted consideration of a severe impairment, a "lazy eye" causing eye strain and headaches.

Commissioner contends that his position in opposing an award of benefits was

---

[4] Docket No. 1

[5] Docket No. 10

[6] Docket No. 15

[7] Docket No. 17

[8] Docket No. 20

[9] Docket No. 24

substantially justified. Specifically, Commissioner avers that Claimant raised four issues in this case and Commissioner was per se substantially justified on three of the four because the District Court ruled in Commissioner's favor on them. In regards to Claimant's "lazy eye," Commissioner maintains that the ALJ was reasonable in finding it not to be a severe impairment and therefore the Commissioner was substantially justified in defending this case. Alternatively, Commissioner argues that in the event the Court awards attorney fees, Commissioner asks that the number of hours requested by counsel should be reduced.

B.  The Standards

    1. EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

    2. General Eligibility Requirements. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; Crawford, 935 F.2d at 656.

    3. Substantial Justification - Definition. Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. Crawford v. Sullivan, 935 F.2d at 657.

Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565.

4. <u>Substantial justification - Burden of Proof</u>. In the district court, the government has the burden of showing substantial justification. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5. <u>Substantial justification - Independent Determination by the Court</u>. While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. <u>Substantial justification - Law and Fact</u>. The government's position must be substantially justified in both fact and law. Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656. An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. <u>Substantial justification - Disputed Facts</u>. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. Thompson, 980 F.2d at 282.

8. <u>Substantial justification- Arguably Defensible Administrative Record</u>. A position based on an arguably defensible administrative record is substantially justified. Crawford, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an

inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Servs., 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. Substantial justification - Government Ignores the Law. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-acquiescence cannot be substantially justified. Thompson, 980 F.2d at 283.

10. No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. Substantial Justification versus Substantial Evidence. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook, 935 F.2d at 1285. While obviously related, the two

standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. <u>Final Judgment - Timely Filing of Application</u>. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

13. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

14. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

15. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. <u>Payne v. Sullivan</u>, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. <u>Crawford</u>, 935 F.2d at 656.

1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. <u>Hensley</u>, 461 U.S. at 433.

2. Timely Filing

The district court entered its order accepting and adopting the Undersigned's report and recommendation on February 27, 2009. The order advised that an application for attorney's fees under EAJA must be filed within 90 days from the date of the order. Claimant therefore had until May 28, 2009, to submit an application. Claimant filed his application for attorneys' fees on April 14, 2009, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within the time frame set out in the Court's order of February 27, 2009. The motion was timely filed.

3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

A party who prevails in litigation against the United States is entitled to attorney's fees under EAJA if the government's position was not "substantially justified." Crawford, 935 F.2d at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. The government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Id., at 656 (citing Pierce, 487 U.S. at 565).

Therefore, the only issue in the present case is whether Commissioner's position in support of the ALJ's opposing the awarding of benefits was substantially justified. Commissioner maintains that he was substantially justified in defending the case and that he relied on a defensible administrative record in this case.

As reflected in the record, the District Court in this case found that substantial evidence supported the ALJ's determination on every issue with the exception of whether Claimant's "lazy eye" constitutes a severe impairment and if not, whether the "lazy eye" would effect the ALJ's finding that there are a significant number of jobs in the national economy that Claimant is capable of performing. The District Court remanded the case only on these issues.

The Court finds that the ALJ did not intentionally mis-apply the law to the specific facts of this case. In fact, the Commissioner was per se substantially justified on three of the four issues raised by Claimant because this Court ruled in the Commissioner's favor on them.

Although this Court remanded the case, it was not unreasonable, given the record before him, for the ALJ not to give any weight to Claimant's alleged vision impairment. In fact, this Court found Commissioner's argument regarding Claimant's eye condition to be meritorious before deciding to remand the case. Here, Claimant failed to mention a vision impairment until his hearing. See Sullins v. Shalala, 25 F.3d 601, 604 (8th Cir. 1994) (finding it noteworthy that the claimant did not allege a disabling mental impairment in her application forms). Furthermore, evidence of record indicated Claimant's vision could have been easily corrected with the use of corrective lenses. This Court ruled that further evaluation of Claimant's eye was necessary. However, this does not mean Commissioner's defense was unreasonable in fact or in law. The Court concludes the Commissioner's position was substantially justified.

Accordingly, relief should be denied.

## IV. Recommendation

Based on the forgoing, I recommend that Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**. Commissioner's position was substantially justified, despite the District Court's remand order.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record

as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 11, 2009

                                              */s/ James E. Seibert*
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE