IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM S. NICHOLSON,**

    **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 1:08CV17**
                                        **(Judge Keeley)**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

      Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on April 14, 2009, the Court referred the motion of the plaintiff, William S. Nicholson ("Nicholson"), for attorney's fees to United States Magistrate James E. Seibert with directions to submit to the Court proposed findings of fact and a recommendation for disposition. On May 11, 2009, Magistrate Judge Seibert filed his Report and Recommendation("R&R"). In accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., he directed the parties to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the R&R, and further advised them that failure to file objections would result in a waiver of their

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

right to appeal from the judgment of this Court.  The parties have not filed any objections.

Upon consideration of the Magistrate Judge's recommendation and having received no written objections,[1] the Court accepts and approves the Report and Recommendation.  Therefore, it **ORDERS** that Magistrate Judge Seibert's Report and Recommendation be, and it is, accepted in whole, and that Nicholson's motion for attorney's fees be disposed of in accordance with the recommendation of the Magistrate.  Accordingly, the Court **DENIES** the motion (Docket No. 26).

The Court directs the Clerk of Court to transmit copies of this Order to counsel of record.

DATED: June 17, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).